JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ANGUIANO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANTA ANA, SANTA ANA POLICE DEPARTMENT, public entities, OFFICER ERIC (Badge # 309) in his official capacity and as an individual, and DOES 1-40,<br><br>Defendants. | Case No.: SACV 15-01524 JLS (KESx)<br><br>**ORDER (1) DISMISSING CLAIMS WITH PREJUDICE AND (2) REMANDING THE ACTION** |

IT IS HEREBY ORDERED, following the stipulation of counsel (Doc. 25), that the following claims are hereby dismissed from this action with prejudice:

    a.    Plaintiff's first claim for deprivation of rights under 42 U.S.C. § 1983;

    b.    Plaintiff's second claim for false imprisonment and false arrest under 42 U.S.C. § 1983;

    c.    Plaintiff's third claim for abuse of process under 42 U.S.C. § 1983;

    d.    Plaintiff's fourth claim for battery by peace officer.

IT IS FURTHER ORDERED THAT the only claim that may be pursued by Plaintiff Alex Anguiano is a claim for general negligence and he will not assert, or seek leave to assert, any other claim, including but not limited to any claim under

- 1 -

42 U.S.C. § 1983 or California Civil Code sections 51, 51.7, 52, 52.1, 52.3 against the City of Santa Ana or any of its police officers, employees or agents.

Finally, the Court notes that its jurisdiction over this matter is premised on the existence of federal-law claims. (*See* SAC at 4, Doc. 18.) Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). When federal-law claims are eliminated from an action "at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction" such that "when a district court . . . relinquish[es] jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)*, superseded by statute on other grounds as stated in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."). Given that Plaintiff's federal-law claims have been dismissed with prejudice well before trial and only one state-law claim remains, the Court finds that "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—[] point toward declining to exercise jurisdiction over the remaining state-law claim[]." *See Carnegie-Mellon*, 484 U.S. at 350 n.7. Accordingly, IT IS FURTHER ORDERED THAT this case (case no. 30-2015-00805486-CU-CR-CJC) be remanded to Orange County Superior Court.

IT IS SO ORDERED.

DATED: January 14, 2016   _____

Honorable Josephine L. Staton
United States District Judge